**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MATTHEW MESSER, )  )            Plaintiff, )  ) v. ) ) SWIFT BPO PARTNERS, ) LLC, *a Nevada corporation,* ) and MARIE ANN PETREE, ) *an individual,* ) ) ) Defendants. ) | Case No. |

## COMPLAINT

Plaintiff, Matthew Messer ("Plaintiff"), by and through his attorneys, Messer Strickler, Ltd., and for his Complaint against the Defendants, Swift BPO Partners, LLC ("Swift BPO"), and Marie Ann Petree ("Petree")(collectively, the "Defendants" where appropriate) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") states the following:

## JURISDICTION AND VENUE

1. This Court derives jurisdiction over Plaintiff's claims from 28 U.S.C. §§ 1331 and 1337, and from 15 U.S.C. § 1692k.

2. Venue in this District is proper for being that in which Plaintiff resides, and as that to which Defendants sent harassing letters and placed threatening phone calls.

## PARTIES

3. Plaintiff is a natural person and a citizen of the State of Illinois, residing in Lake County in the Northern District of Illinois, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

4. Defendant, Swift BPO, is a foreign limited liability company organized and existing under the laws of the State of Nevada, the principal purpose of whose business is the collection of debts, operating a collection agency from its principal place of business at 6372 McCleod Drive, Suite 4, Las Vegas, Nevada 89120, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant, Petree, is the Owner and Manager of Swift BPO and is personally involved in its day-to-day operations, including personal involvement with collection of the alleged debt from Plaintiff, and regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts owed or due or asserted to be owed or due another, operating as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Upon information and belief, Defendants Petree and Swift BPO function as the alter ego of each other, sharing in the money being collected by a common business enterprise, and there has been a blurring of the identities and lines of distinctions between Defendants Petree and Swift BPO, who have integrated their resources to achieve a common business purpose and function as a single business enterprise, the principal purpose of which is the collection of debts owed or due or asserted to be owed or due another, operating as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, the Defendants, in their business dealings, operated with unity, and the separateness of each entity has ceased to the extent that holding only one entity or person responsible would be an injustice.

## **FACTUAL ALLEGATIONS**

8. At all times material to this Complaint, Defendants sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal purposes.

9. Defendants called Plaintiff on February 4, 2020 at 10:00a.m. The person on the phone identified himself as Carlos from "Funds Financial".

10. During that phone call, Defendants accused Plaintiff of owing $231.98 to 9Rounds, a now-defunct boxing gym location in the State of Illinois.

11. During that same February 4, 2020 phone call, Defendants threatened Plaintiff by stating Plaintiff had until 12:00p.m. to pay the amounts owed or Defendants would credit report the alleged debt.

12. That same day, Defendants mailed a debt validation letter to Plaintiff. A true and correct copy of Defendants' Letter is attached hereto and made a part hereof as Exhibit A.

13. The validation letter sent by Defendants was replete with spelling and grammatical errors, worded confusingly, and formatting in a manner that overshadowed the explication of Plaintiffs rights in violation of the FDCPA.

13. Defendants threats to credit report the purported debt owed by Plaintiff overshadowed the debt validation notice mailed on February 4, 2020, in violation of the FDCPA.

14. One week later, on or about February 11, 2020, Defendants once again placed a phone call to Plaintiff.

15. During that second phone call, Defendants told Plaintiff they had not yet credit reported the alleged debt, and stated he had to immediately pay the amounts owed over the phone or Defendants would credit report the debt that afternoon.

16. The admission by Defendants during the second phone that they had not yet credit reported the purported debt demonstrates that the threats made to Plaintiff during the first call were false. Defendants' misrepresentation constitutes a violation of the FDCPA.

17. Defendants' second round of threats to credit report the purported debt, made during the February 11, 2020 phone call, overshadowed the validation letter sent to Plaintiff in violation of the FDCPA.

18. Defendants' phone calls were "communications" as defined by 15 U.S.C. § 1692a(2).

19. Plaintiff does not – nor ever did – owe any debt, and informed Defendants of same.

20. The alleged debt was based on a contract between Plaintiff and 9Rounds for an eight-week boxing class over the summer of 2019. That contract had been paid in full at the time of Defendants' collection efforts, and there was never any outstanding amount owed on it. A true and correct copy of the contract between Plaintiff and 9Rounds is attached hereto as <u>Exhibit B</u>.

21. Moreover, Plaintiff was a minor child at the time the contract was originally entered into between him and 9Rounds. As such the contract was invalid and voidable from its inception under the laws of Illinois. Accordingly, Defendants' statements to Plaintiff that he owed money under the 9Rounds contract was a further misrepresentation in connection with the collection of a debt, which constituted violations of the FDCPA.

22. 225 ILCS 425/2.5 requires all consumer collection agencies to first register with the Illinois Department of Financial and Professional Regulation before attempting to collect a debt.

23. 225 ILCS 425/4.5 makes it unlawful for "[a]ny person…to practice as a collection agency without being licensed under this Act" and subject them to civil penalties up to $10,000.

24. Defendants were attempting to collect a debt from Plaintiff and were required to register with the Illinois Department of Financial and Professional Regulation.

25. At no time during Defendants' contact with Plaintiff was any Defendant registered with the Illinois Department of Financial and Professional Regulation as a consumer collection agency.

26. As of the date of this Complaint, Defendants have not credit reported the alleged past-due debt.

### COUNT I
### MAKING VERBAL THREATS
### THAT "OVERSHADOW" THE EXPLICATION
### OF CONSUMER RIGHTS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g

27. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

28. On at least two occasions in February 2020, Defendants made verbal threats to credit report the purported debt owed by Plaintiffs in a manner that overshadowed the debt validation notice in violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

### COUNT II
### SENDING A VALIDATION
### LETTER ASSEMBLED IN A MANNER
### SUCH THAT THE EXPLICATION OF CONSUMER RIGHTS
### WERE "OVERSHADOWED" IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g

29. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

30. Defendants sent Plaintiff a validation letter replete with spelling errors, misleading verbiage, and confusing formatting such that it "overshadowed" a clear explication of Plaintiff's

rights as required under 15 U.S.C. § 1692g. *See, Terran v. Kaplan,* 109 F.3d 1428, 1432-33 (9th Cir. 1997); *Mahon v. Credit Bureau of Placer County*, 171 F.3d 1197, 1202, 1203 (9th Cir. 1999).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

## COUNT III
## FALSE OR MISLEADING REPRESENTATIONS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

31. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

32. Defendants falsely represented the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE OR MISLEADING
## REPRESENTATIONS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

33. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

34. Defendants threatened to take an action with no intention to take such action in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

## COUNT V
## FALSE OR MISLEADING
## REPRESENTATIONS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

35. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

36. Defendants threatened to take an action that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

## COUNT VI
## FALSE OR MISLEADING
## REPRESENTATIONS IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

37. Plaintiff incorporates Paragraphs 1 through 26 above as if fully set forth herein.

38. Defendants used false representations or deceptive means to collect or attempt to collect the alleged debt, including making false threats in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

Damages;

Attorney's fees, litigation expenses, and costs of suit; and

Such other or further relief as the Court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                Respectfully submitted,

                                                /s/ Jacob A. Rheaume

                                                *Attorney for Plaintiff*
                                                Messer Strickler, Ltd.
                                                225 W. Washington, Suite 575
                                                Chicago, Illinois 60606
                                                312.334.3474 (direct)
                                                312.334.3473 (fax)
                                                jrheaume@messerstrickler.com